```
IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
          ASHEVILLE DIVISION
           1:05CV77-MU-02
```

```
CHARLES LEE DAVIS,        )
     Petitioner,          )
                          )
          v.              )     ORDER
                          )
HUGH D. MITCHELL, Supt.,  )
     Respondent.          )
_____)
```

**THIS MATTER** comes before the Court on the petitioner's Petition for a Writ of Habeas Corpus, filed March 31, 2005; and on the respondent's Motion for Summary Judgment, filed April 27, 2005. For the reasons stated herein, the respondent's Motion for Summary Judgment will be granted; and the instant Petition will be denied and dismissed.

## I. FACTUAL AND PROCEDURAL BACKGROUND

According to the record of this matter, on April 22, 2004, the petitioner appeared before the Superior Court of Buncombe County and tendered guilty pleas to the charges of Involuntary Manslaughter, Possession of a Firearm by a Convicted Felon, and two misdemeanor offenses, including Driving While Intoxicated. On that occasion, the Court considered both the aggravating and mitigating circumstances, and concluded that a sentence in the aggravated range was warranted. Thus, the petitioner was sentenced to terms

of 24 to 29 months on the Firearm conviction, and to 30 to 36 months for his Manslaughter conviction. The petitioner did not directly appeal any of his convictions or sentences.

Rather, on August 5, 2004, the petitioner filed a Motion for Appropriate Relief ("MAR" hereafter), challenging his cases. However, by Order filed October 4, 2004, the MAR Court summarily denied that Motion. Next, on December 28, 2004, the North Carolina Court of Appeals denied the petitioner's Petition for a Writ of Certiorari; and on February 3, 2005, the State Supreme Court denied another Petition for a Writ of Certiorari.

Thereafter, on March 31, 2005, the petitioner filed the instant Petition in this Court. By his Petition, the petitioner alleges that his guilty pleas were not intelligently and voluntarily tendered; that his sentences violate his right to due process; and that he was subjected to two instances of ineffective assistance of counsel.

On April 27, 2005, the respondent filed his combined "Motion For Summary Judgment And Answer To Petition . . . ." By that document, the respondent denies that the petitioner is entitled to any relief on his claims.

More particularly, by his Motion for Summary Judgment, the respondent contends that the petitioner's claim that his guilty pleas were unintelligent and involuntary due to defense counsel's alleged failure "to enforce" a sentencing agreement for presumptive terms is feckless in that there simply was no such agreement. The

respondent further contends that the petitioner's attempt to raise a due process claim on the basis of the U.S. Supreme Court's recent decision in Blakely v. Washington, 124 S.Ct. 2531 (2004) also is unavailing since that case cannot be retroactively applied to cases on collateral review such as this one.  Last, the respondent argues that the petitioner has failed to state a claim on his allegations against counsel in that he has not demonstrated any prejudice resulting from counsel's having allowed him to plead guilty under an agreement which did not set forth a "cap" on his punishment, and counsel, in fact, did not allow the petitioner to be sentenced beyond the maximum statutory term.

Thus, after reviewing the petitioner's claims and the respondent's opposing arguments, on May 4, 2005, this Court filed a Roseboro-style Order, by which it advised the petitioner that it appeared that the respondent might be entitled to a judgment as a matter of law.  Moreover, such Order directed the petitioner to file a response in opposition to the respondent's Motion for Summary Judgment, and it advised the petitioner of the requirements of Rule 56(e).  Most critically, the petitioner was advised that his "failure to respond as directed within the specified time period may subject this action to summary judgment."  By the terms of that Order, the petitioner's response was due at this Court no later than June 3, 2005.

Nevertheless, the petitioner's response deadline has passed and he has failed to file any response, or to even seek an

extension of time in which to file a response.  Accordingly, the Court finds that this matter is ripe for resolution.  Moreover, the Court finds, based upon a careful review of the respondent's Motion for Summary Judgment, that the respondent is entitled to a judgment as a matter of law.

## II. ANALYSIS

### A. Standard of review on Motion For Summary Judgment.

Pursuant to Federal Rule of Civil Procedure 56(c), a court may grant summary judgment when the pleadings and other relevant documents reveal that "there is no genuine issue as to any material fact and . . . the moving party is entitled to a judgment as a matter of law." See, e.g., Celotex Corp. v. Catrett, 477 U.S. 317, 322-23 (1986); Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 252 (1986); Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 587 (1986); Miller v. Leathers, 913 F.2d 1085, 1087 (4th Cir. 1990) (en banc), cert. denied, 498 U.S. 1109 (1991).

A genuine issue exists only if "the evidence is such that a reasonable jury could return a verdict for the non-moving party." Anderson, 477 U.S. at 248.  However, the party opposing summary judgment may not rest upon mere allegations or denials and, in any event, a "mere scintilla of evidence" is insufficient to overcome summary judgment." Id. at 249-50.

### B. The petitioner's pleas are valid and enforceable.

The gist of this claim is that the petitioner had an agreement

with the prosecutor--which agreement his former attorney allegedly failed to "enforce--that he would be sentenced in the presumptive ranges for his offenses. However, since the Court imposed sentences in the aggravated ranges, the petitioner believes his guilty pleas were invalid.

For his part, the respondent has forecast evidence which tends to reflect that the petitioner's claim of an involuntary, unintelligent guilty plea is baseless. That is, the respondent has tendered a copy of the petitioner's Plea Transcript which simply shows an agreement that the petitioner's charges would be consolidated, and a promise that the government would not pursue the petitioner as an Habitual Felon. Equally critical, such Transcript reflects the petitioner's sworn assertion that there were no other promises which had been made to induce his guilty pleas. Therefore, on this evidentiary forecast, the petitioner cannot prevail.

   C.  **Blakely is inapplicable here**.

Likewise, the petitioner's attempt to invoke the Blakely ruling is equally unavailing. To be sure, the U.S. Supreme Court's subsequent decision in United States v. Booker and Fanfan, 125 S.Ct. 738 (2005) clearly demonstrates that Blakely is to be applied to cases which were not final as of the date when the Blakely decision was announced. See also Schriro v. Summerlin, 124 S.Ct. 2519 (2004) (noting that Apprendi v. New Jersey, 530 U.S. 466 (2000), the case from which both Blakely and Booker/Fanfan emanate,

is not retroactively applicable to cases in the collateral review context).

The respondent's evidentiary forecast tends to establish that the petitioner's cases became final on or about May 6, 2004--that is, at the expiration of the brief period during which he could have (but did not) appeal those matters. However, the Blakely decision was not announced until June 24, 2004; therefore, the petitioner cannot rely upon Blakely in this Habeas proceeding.

    D.  **The petitioner was not prejudiced by counsel**.

Similarly, with regard to his allegations against counsel, it goes without saying that the petitioner must demonstrate, at the very least, that he was prejudiced by counsel's performance. Here, however, the petitioner has failed to make such a demonstration. On the contrary, this record reflects that by pleading guilty, the petitioner was able to avoid an Habitual Felon charge which carried with it the possibility of a maximum term of 210 to 261 months imprisonment. And, notwithstanding his assertions otherwise, the record also shows that the sentences which the petitioner received did not exceed the statutory maximum terms to which he was exposed. Thus, this record fails to show any deficiency or prejudice. See Strickland v. Washington, 466 U.S. 668 (1984) (noting requirement for showing of both deficiency and prejudice); and Hill v. Lockhart, 474 U.S. 52 (1895) (noting requirement in a guilty plea context of showing of a reasonable probability that but for counsel's errors, defendant would have insisted on a trial).

## III. CONCLUSION

Based upon the foregoing, this Court must conclude that the State Court's decision to reject these claims was not contrary to, or involve an unreasonable application of, clearly established federal as determined by the U.S. Supreme Court. See Williams v. Taylor, 529 U.S. 362, 413 (2000). Therefore, the respondent's Motion for Summary Judgment will be granted, and the instant Petition will be denied and dismissed.

## IV. ORDER

**NOW, THEREFORE, IT IS HEREBY ORDERED:**

1. That the respondent's Motion for Summary Judgment is **GRANTED;** and

2. That the petitioner's Petition for a Writ of Habeas Corpus under 28 U.S.C. §2254 is **DENIED** and **DISMISSED.**

**SO ORDERED.**

**Signed: June 23, 2005**

Graham C. Mullen
Chief United States District Judge